UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCY A. CURRY,

    Petitioner,

v.

SHAWN BREWER,

    Defendant.

Case No. 16-cv-11931
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [9] AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]**

Petitioner Quincy A. Curry, a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne County, Michigan convictions for, among other offenses, carjacking, Mich. Comp. Laws § 750.529a. Respondent Shawn Brewer moved to dismiss the petition on the basis that Petitioner's ground for relief is moot. The Court agrees. Accordingly, the Court will deny the petition with prejudice.

**I. BACKGROUND**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted, as charged, of carjacking, Mich. Comp. Laws § 750.529a, conspiracy to commit carjacking, Mich. Comp. Laws §§ 750.157a and 750.529a, receiving and concealing stolen property, Mich. Comp. Laws § 750.535(7), and felony firearm, Mich. Comp. Laws § 750.227b.[1] On May 16, 2013, the trial court sentenced Petitioner to two years in prison for the felony-firearm conviction, followed by concurrent terms of eighteen to thirty years in prison for the carjacking and conspiracy

---

[1] During the same trial, Petitioner was convicted of similar charges and an additional charge of armed robbery involving a different victim. *See People v. Curry*, Wayne County case number 12-011804. The two cases were consolidated for trial. This case concerns only Petitioner's sentence in Wayne County case number 12-011803.

convictions and two to five years in prison for the receiving-and-concealing-stolen-property conviction. The judgment of sentence, entered on the same day, erroneously indicated that Petitioner was sentenced as a fourth-offense habitual offender under Mich. Comp. Laws § 769.12.

On direct appeal to the Michigan Court of Appeals, Petitioner claimed he was entitled to have his judgment of sentence corrected to reflect the fact that he was not a habitual offender. The Michigan Court of Appeals agreed with Petitioner and remanded his case to the trial court "for the ministerial task of correcting the judgment of sentence and transmitting the corrected judgment to the [Michigan Department of Corrections]." *People v. Curry*, No. 317090, 2014 Mich. App. LEXIS 2286, at *2 (Mich. Ct. App. Nov. 25, 2014). On remand, the trial court amended the judgment of sentence to remove the habitual offender designation. Petitioner nevertheless raised the same issue in an application for leave to appeal in the Michigan Supreme Court. On April 28, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *People v. Curry*, 862 N.W.2d 226 (Mich. 2015) (table).

On Mach 21, 2016, Petitioner filed a *pro se* petition for a writ of habeas corpus, challenging his convictions on four substantive grounds. *Curry v. Brewer*, No. 16-cv-11040 (E.D. Mich. March 21, 2016). However, Petitioner admitted that he had not exhausted state remedies for any of the grounds raised in his petition (which included claims of insufficient evidence and judge bias), and so the Court dismissed the Petition without prejudice. *See id.*

On May 26, 2016, Petitioner filed the current petition, seeking relief on the following grounds:

> [1] *People v. Carines*, 460 Mich 750, 653,764, 597 NW2d 130 (1999) . . . Judgment of sentence was incorrect because the judge sentenced me as a[] 4th [h]abitual [offender].

[2] *People v. Katt*, 248 Mich App 282, 311-312; 639 NW2d 815 (2001). Judgement of sentence is incorrect.

[3] *People v. Jamison*, 488 Mich 851; 788 NW2d 6 (2010). . . . The judge sentence[d] me as a[] 4th habitual which made him go on the high end of my guidelines.

[4] *People v. Uphaus*, 278 Mich App 174, 182; 748 NW2d 899 (2008).

(R. 1, PID 6–10.)

Respondent has moved for dismissal on the basis that Petitioner's challenge to the state court's judgment of sentence is moot. (R. 9.) Petitioner has not filed a reply to Respondent's motion.

**II. DISCUSSION**

"Federal courts may review only actual cases or controversies, and thus 'have no power to adjudicate disputes which are moot[].'" *Witzke v. Brewer*, No. 15-2437, — F.3d —, 2017 U.S. App. LEXIS 3126, at *3 (6th Cir. Feb. 22, 2017) (citing U.S. Const. art. III, § 2, cl.1; *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions[.]'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted).

The Court understands Petitioner's four claims and the cited decisions to challenge the state trial court's initial judgment of sentence, which indicated that Petitioner was a habitual offender. (*See* R. 9-1, PID 69.) *See also People v. Jamison*, 788 N.W.2d 6, 6 (Mich. 2010) (ordering remand for a "ministerial correction of the judgment of sentence"); *People v. Katt*, 639 N.W.2d 815, 830 (Mich. 2001) (affirming convictions but remanding for a correction of a ministerial error in the judgment of sentence).

On direct appeal, however, the Michigan Court of Appeals ordered the trial court to correct the judgment of sentence because the notation designating Petitioner as a fourth-offense

3

habitual offender was plain error. *Curry*, 2014 Mich. App. LEXIS 2286, at *2. It is also clear that the error was ministerial in nature and did not actually impact the sentence imposed on Curry. The sentencing judge made no mention of a habitual offender designation during the sentencing hearing. (*See* R. 10-11.) Curry's sentencing variable score sheet, which the sentencing judge signed on the date he imposed sentence, states, "Habitual: No[.]" (R. 9-1, PID 42.) And Curry acknowledged in his brief on direct appeal that he "was neither charged as a habitual offender in the Information, nor was he sentenced as a habitual offender[.]" (R. 9-1, PID 65.) Rather, the reason Curry argued that the ministerial error affected his substantial rights was because it would "impact[] the defendant's placement by the Michigan Department of Corrections in its determination . . . [of] property and risk assessment scores, placement, accessibility to programs both inside and outside of the prison, and ultimate parole eligibility . . . ." (R. 9-1, PID 66.) On remand, the trial court in fact amended the judgment of sentence to delete the habitual offender designation. (*See* R. 9, PID 76.)

Accordingly, Petitioner has already been granted the relief he seeks and so there is no longer an actual controversy or any remediable injury. Accordingly, the Court will dismiss the petition with prejudice.

### III. CONCLUSION

Petitioner's claims are moot. Accordingly, the Court grants Respondent's motion to dismiss and dismisses the petition for writ of habeas corpus with prejudice. The Court declines to issue a certificate of appealability because no reasonable jurist would grant habeas relief on Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The Court denies leave to appeal this decision *in forma pauperis* because, even though Petitioner was permitted to

proceed *in forma pauperis* in this Court, an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
Dated: March 10, 2017              U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2017.

                                              s/Keisha Jackson
                                              Case Manager